GARY HANNS, Petitioner v COMMISSIONER OF INTERNAL REVENUE, Respondent
Hanns v. Commissioner
Docket No. 23792-89
United States Tax Court
T.C. Memo 1990-652; 1990 Tax Ct. Memo LEXIS 727; 60 T.C.M. (CCH) 1513; T.C.M. (RIA) 90652; December 31, 1990, Filed *727 Decision will be entered for the respondent. William Beverly, for the petitioner. Donald R. Gilliland, for the respondent. NAMEROFF, *728 Special Trial Judge. NAMEROFF
*2164 MEMORANDUM FINDINGS OF FACT AND OPINION This case was heard pursuant to the provisions of section 7443A(b)(3) of the Code and Rules 180, 181 and 182. [1] Respondent determined a deficiency in petitioner's 1986 Federal income tax in the amount of $ 3,372, plus additions to tax under section 6653(a)(1)(A) of $ 169 and section 6653(a)(1)(B) in the amount of 50 percent of the interest payable on the underpayment. The issues for decision are: 1) whether petitioner must include in gross income certain compensation received during 1986; and 2) whether petitioner is liable for the additions to tax for negligence. Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time of the filing of the *729 petition, petitioner resided in Huntington Beach, California. During 1986, petitioner was a full-time employee of Frontier Container Corporation (Frontier). Petitioner had been employed by Frontier for approximately 20 years and had served as sales manager for the last 12 to 13 years. In 1986, petitioner was paid wages in the amount of $ 52,000, from which Frontier withheld Federal income tax and for which Frontier issued a Form W-2. Sometime at the end of 1985 or early in 1986, petitioner approached James W. Watts (Watts), the president and general manager of Frontier, and explained to Watts that he was experiencing financial difficulty. Petitioner told Watts that he needed to "net out $ 1,000 extra a month increase." Subsequently, Watts told petitioner that Frontier would pay petitioner an extra $ 250 a week. It was petitioner's understanding that Frontier would take care of the taxes with regard to the additional payments. Thereafter, petitioner, in addition to his regular salary check, began to receive a weekly check of $ 250. Watts testified that he had no understanding with petitioner with regard to Frontier paying the tax liability and that, as far as he was concerned. *730 it was petitioner's responsibility to *2165 take care of the tax. At the end of 1986, Frontier issued a Form 1099 NEC (nonemployee compensation) for $ 12,250. It was Watts' understanding that the Form 1099 NEC was used because there were no withholdings. Petitioner did not report the $ 12,250 on his Federal income tax return. In the notice of deficiency, respondent increased petitioner's gross income by $ 11,595, which represents $ 12,250 less $ 655 shown on petitioner's return as "other income." The $ 655 shown on the return was described by petitioner as "Frontier auto allowance." Respondent has not requested an increased deficiency. Section 61 requires a taxpayer to include in gross income all income from whatever source derived. The $ 12,500 received by petitioner from Frontier was certainly compensation for services and should have been reported on his return. Accordingly, respondent is sustained as to this adjustment. Petitioner argues that unless we determine the withholding issue, [2] he is without a forum or remedy to prevent an unjust result. In , revd. on another issue, , *731 we stated:
The Code specifically provides that before an employee may receive any credit for taxes withheld, such amounts must have actually been withheld from him by his employer. While the actual payment by the employer of such withheld amounts to the Government does not affect the employee's right to receive a tax credit for such amounts, an employee cannot receive the full amount of his earnings and at the same time claim a credit for an amount which was never actually withheld from him. We agree with petitioner that an employer is liable to the taxing authorities for any amount which it was required to withhold, regardless of whether or not it was actually withheld. Therefore, had the respondent chosen to do so, he could have attempted to collect from the company the amount which it was required to withhold from the settlement payment. Respondent, however, need not do so, but may assess the tax against the employee upon whom, in the final analysis, the tax burden must fall. The employee of an employer failing to properly withhold amounts for tax is not entitled to a credit for amounts which were never withheld from him. [Emphasis in original.] *732 On this record, petitioner failed to establish that his agreement with Frontier was that the payments received were intended to represent net take-home pay and that the tax attributable to such payments was to be paid by the company. Notwithstanding the fact that the company was in financial difficulty and closed its doors on December 23, 1986, if the company had, in fact, agreed to assume liability and responsibility for petitioner's income taxes but defaulted on this commitment, petitioner's remedy would be against the company. An alleged default or breach of contract by the company does not exonerate petitioner from payment of Federal income taxes on compensation he received for services rendered. Respondent determined additions to tax under sections 6653(a)(1)(A) and (B). Section 6653(a)(1)(A) applies if any part of an underpayment of tax is due to negligence or intentional disregard of rules and regulations. Section 6653(a)(1)(B) applies only to that portion of the underpayment attributable to negligence or intentional disregard of rules or regulations. Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the *733 circumstances. . Petitioner did not report any of the compensation reflected by the Form 1099 NEC, nor did he make any statement or comment in his tax return regarding the receipt of such income and the alleged nontaxability thereof. Therefore, under these circumstances, we find that petitioner's failure to report the income was clearly negligent. Accordingly, we sustain respondent's determination as to both section 6653(a)(1)(A) and (B). Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Section 6211(b)(1) provides that the tax imposed by subtitle A and the tax shown by the return shall be both determined without regard to payment on account of, among other things, the credit under section 31, which deals with Federal income tax withheld. Therefore, amounts withheld (or not withheld) are not relevant to our determination of the deficiency.↩